UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In re:

ALEXANDRA MEDWIT,                              Case No.:9:14-bk-08427-FMD

Debtor.                                                     Chapter 11
_____/

## DEBTOR'S MOTION TO COMPEL TURNOVER OF PROPERTY WITH EMERGENCY HEARING REQUESTED

Debtor, ALEXANDRA MEDWIT, by and through the undersigned attorney, hereby files this Motion for Turnover of Property (this "Motion") against Receiver, Gary Eidelstein ("Eidelstein"), and in support thereof states as follows:

1. On July 22, 2014 the Debtor filed her voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").

2. Debtor brings this Motion pursuant to §§ 105, 362, and 543 of Title 11, United States Code.

3. Prior to the commencement of this bankruptcy case, the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, appointed Gary Eidelstein, Esq. ("Eidelstein") as receiver of the Debtor's apartment complex. The complex, known as Golf Meadow Apartments, is located at 1852 Golfview Avenue, Fort Myers, Florida.

4. Subsequent to the appointment, Eidelstein took possession and control of the apartment building and began collecting rents.

5. The apartment complex is property of the estate which the debtor may use, sell, or lease under 11 U.S.C. Section 363 and Section 1107, and the property is necessary for debtor's reorganization.

6. Said rents are property of the estate which the debtor may use, sell, or lease under 11

U.S.C. Section 363 and Section 1107, and the rents are also necessary for debtor's reorganization.

7. After her petition for relief was filed, Debtor gave notice of the filing by filing with the Circuit Court in Lee County a Suggestion of Bankruptcy, a copy of which is attached as Exhibit A.

8. Debtor subsequently requested turnover of the above described property by both e-mailing and mailing a letter to Eidelstein on July 24, 2014, a copy of which is attached as Exhibit B.

9. Despite the request, Eidelstein has failed and refused, and continues to fail and refuse, to turnover the property to Debtor.

10. Notwithstanding Eidelstein's knowledge of debtor's current pending bankruptcy, Eidelstein continues to collect on rents which are the property of the estate and refuses to relinquish control of the rents or the apartment property.

11. Section 362 of the Bankruptcy Code stays actions to collect a debt. Specifically, §362(a)(6) protects debtors from any actions by creditors in any capacity to collect, assess, or recover a claim against debtors that arose before the commencement of the bankruptcy proceedings; §362(a)(1) prohibits continuation of a judicial action against debtors; §362(a)(2) prohibits enforcement against the property of the estate of a judgment obtained before the commencement of a case; and §362(a)(3) prohibits any act to exercise control over property of the estate.

12. Section 543(b) of the Bankruptcy Code requires a "custodian" to deliver to the Debtor-in-Possession any property of the debtor which is in such custodian's, possession, custody, or control. Pursuant to 11 U.S.C. §101(11) the term "custodian" includes a receiver. Accordingly, Eidelstein is required to deliver to debtor, and to account for, such property, or the

value of such property.

13. Eidelstein's conduct in refusing to turnover the property constitutes an action to continue a judicial action, or enforcement of a judgment obtained before the commencement of case, and an attempt to exercise control property of the estate, all in violation of the automatic stay imposed by 11 U.S.C. § 362(a).

14. Eidelstein has willfully violated the automatic stay. A wilful violation of the automatic stay occurs when a creditor knows that the stay has been invoked and deliberately intends the action that violated the stay. *In re Hedetneimi*, 297 B.R. 837 (Bankr. M.D. Fla. 2003).

15. Section 362(k) of the Bankruptcy Code provides that "[a]n individual injured by any willful violation for a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages.

16. Eidelstein's actions in refusing to turnover control of the rents and the apartment building, after notice of the stay, violates the automatic stay of 11 U.S.C. § 362 and Eidelstein is now wrongfully controlling or holding property of the estate.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order:

a. Declaring that Eidelstein has violated the automatic stay provisions of 11 U.S.C. §362;

b. Requiring that Eidelstein forthwith release the rents and otherwise relinquish control of the apartment property and to permit the same to be delivered to debtor.

c. Requiring that Eidelstein turnover such records and documents in said receiver's possession which relate to property of the estate.

d. Granting such other relief as is just and equitable.

      /s/ Benjamin G. Martin
      Benjamin G. Martin, Esq.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true copy of this Debtor's Motion to Compel Turnover of Property With Emergency Hearing Requested has been served electronically or by first class United States mail postage prepaid to the United States Trustee, 501 E. Polk Street, Suite 1200, Tampa, Florida 33602; the Debtor, Alexandra Medwit, 19600 Lan Shell Drive, North Fort Myers, FL 33917; Gary Eidelstein, Esq., Asset Recovery Group, 2520 Coral Way - Suite 2515, Coral Gables, FL 33143; Seville Apartments, LLC, c/o Patrick Lennon, Macfarlane Ferguson & McMullen, P.O. Box 1531, Tampa, FL 33601 this   29th   day of July, 2014.

                                                                                   /s/ Benjamin G. Martin  
                                                                                  Benjamin G. Martin  
                                                                                  Attorney at Law  
                                                                                  1620 Main Street, Suite One  
                                                                                  Sarasota, Florida 34236  
                                                                                  (941) 951-6166  
                                                                                  Florida Bar No. 464661